1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

TRACY LEE DOTSON,

No.  2:20-cv-0710 KJN P

12

Plaintiff,

13

v.

ORDER

14

OFFICER CHANDLER, et al.,

15

Defendants.

16
17

I.  Introduction

18

Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

19

§ 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

20

proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22

Accordingly, the request to proceed in forma pauperis is granted.

23

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24

§§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

25

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27

forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

28

of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

1 payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

2 amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3 § 1915(b)(2).

4 　　　　As discussed below, plaintiff's complaint is dismissed with leave to amend.

5 II.  Screening Standards

6 　　　　The court is required to screen complaints brought by prisoners seeking relief against a

7 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

11 　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

19 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20 1227.

21 　　　　Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

22 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

26 formulaic recitation of the elements of a cause of action;" it must contain factual allegations

27 sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

28 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

1   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

2   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

3   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

4   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

5   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

6   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

7   III.  Plaintiff's Complaint

8          Plaintiff names two individuals as defendants:  Officer Chandler and Lt. Z. Osborne, both

9   employed at California State Prison, Solano ("CSP"SOL").  In his first claim, plaintiff alleges his

10  mail was tampered with and cites "obstruction of justice."  (ECF No. 1 at 3.)  In support, he

11  alleges that Officer Chandler made threatening statements and was unprofessional in his duties at

12  CSP-SOL.  Plaintiff states that he was "put up for transfer by Lt. Osborne and was denied by Lt.

13  Osborne," and "now [his] 602 appeals keep coming up missing."  (Id.)

14         In his second claim, plaintiff alleges retaliation by Lt. Osborne, but in his supporting facts,

15  alleges that Osborne violated plaintiff's due process rights.  Plaintiff states that Lt. Osborne told

16  plaintiff he should not have filed with internal affairs, but plaintiff did so because his 602 appeals

17  kept coming up missing.  Plaintiff also claims that Lt. Osborne granted plaintiff's transfer out of

18  CSP-SOL, and "not to come back," but plaintiff was "sent back anyway to be put up for transfer."

19  (ECF No. 1 at 4.)

20         In his third claim, plaintiff claims his due process rights were violated by "staff" at CSP-

21  SOL, but also marked the box "threat to safety."  (ECF No. 11 at 5.)  He claims "staff" knew

22  plaintiff had safety issues at CSP-SOL, and claims that Lt. Osborne lied to plaintiff and then

23  denied plaintiff's transfer away from CSP-SOL.  (ECF No. 1 at 5.)

24         As injuries, plaintiff states that he was unable to go home on time because his writ was

25  denied due to missing paperwork.  (ECF No. 1 at 3-5.)  Plaintiff asks the court to grant him relief

26  so he can go home.  "I am late to go home now."  (ECF No. 1 at 6.)

27  ////

28  ////

1    IV.  Discussion

2           As discussed below, the undersigned finds that plaintiff's complaint must be dismissed,

3    but plaintiff is granted leave to file an amended complaint.

4           Habeas or Civil Rights Claims

5           Initially, it is important to remind plaintiff that he cannot obtain release from prison

6    through a civil rights action.  As plaintiff was informed on August 5, 2014,

> federal courts offer two main avenues to relief on complaints related
> to one's imprisonment – a petition for habeas corpus pursuant to 28
> U.S.C. § 2254, and a civil rights complaint pursuant to 42 U.S.C. §
> 1983.  Challenges to the validity of one's confinement or the duration
> of one's confinement are properly brought in a habeas action,
> whereas requests for relief turning on the circumstances of one's
> confinement are properly brought in a § 1983 action.  Muhammad v.
> Close, 540 U.S. 749, 750 (2004) (citing Preiser v. Rodriguez, 411
> U.S. 475, 500 (1973)); see also 28 U.S.C. § 2254(a) ("[A] district
> court shall entertain an application for a writ of habeas corpus in
> behalf of a person in custody pursuant to the judgment of a State
> court only on the ground that he is in custody in violation of the
> Constitution or laws or treaties of the United States."); Advisory
> Committee Notes to Rule 1 of the Rules Governing § 2254 Cases.

15   Dotson v. Warden, No. 2:14-cv-1508 KJM EFB P (E.D. Cal.) (ECF No. 8 at 1-2).  Thus, if

16   plaintiff seeks release from prison, he must seek such relief through a petition for writ of habeas

17   corpus under 28 U.S.C. § 2254.[1]  In addition, to the extent plaintiff intends to challenge a

18   conviction sustained in San Bernardino or Los Angeles Counties, plaintiff must file such habeas

19   petition in the Central District of California.  (ECF No. 11 at 8.)

20          To state a civil rights claim under § 1983, a plaintiff must allege:  (1) the violation of a

21   federal constitutional or statutory right; and (2) that the violation was committed by a person

22   acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v.

23   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil

24   rights claim unless the facts establish the defendant's personal involvement in the constitutional

---

[1]  Plaintiff is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

4

1    deprivation or a causal connection between the defendant's wrongful conduct and the alleged

2    constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v.

3    Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the

4    theory that the official is liable for the unconstitutional conduct of his or her subordinates.

5    Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

6         In sum, plaintiff must identify the particular person or persons who violated his rights, set

7    forth specific factual allegations as to how such person violated plaintiff's rights, and identify the

8    relief he seeks that is available under 42 U.S.C. § 1983.

9         Due Process Claims

10        Plaintiff cannot state a due process claim based on defendants' roles in handling plaintiff's

11   administrative appeals.  The Due Process Clause protects plaintiff against the deprivation of

12   liberty without the procedural protections to which he is entitled under the law.  Wilkinson v.

13   Austin, 545 U.S. 209, 221 (2005).  However, plaintiff has no stand-alone due process rights

14   related to the administrative grievance process itself.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th

15   Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  A prison official's denial of a

16   grievance does not itself violate the constitution.  Evans v. Skolnik, 637 F. App'x 285, 288 (9th

17   Cir. 2015).  Thus, the denial, rejection, or cancellation of a grievance does not constitute a due

18   process violation.  See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. 2010)

19   (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a

20   cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2

21   (E.D. Cal. 2009) (plaintiff's allegations that prison officials screened out his inmate appeals

22   without any basis failed to indicate a deprivation of federal rights).  "Because there is no right to

23   any particular grievance process, it is impossible for due process to have been violated by

24   ignoring or failing to properly process prison grievances."  Daniels v. Aguillera, 2018 WL

25   1763311 (E.D. Cal. Apr. 12, 2018).  While the court does not condone the alleged mishandling of

26   plaintiff's administrative appeals, plaintiff cannot state a due process claim based solely on such

27   mishandling.

28   ////

5

1    Likewise, plaintiff cannot state a due process claim based on the alleged denial of his

2  request for transfer to a different prison.  Inmates do not have a constitutional right to be housed

3  at a particular facility or institution or to be transferred, or not transferred, from one facility or

4  institution to another.  Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427

5  U.S. 215, 224-25 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

6  Also, an inmate does not have a constitutional right to any particular classification.  Moody v.

7  Daggett, 429 U.S. 78, 88 n.9 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987)

8  (holding that inmate had no protectable liberty interest in a classification status, such as "violent"

9  or "non-violent.")  Alleged deprivations of rights arising from prison officials' housing and

10  classification decisions do not give rise to a federal constitutional claim encompassed by the

11  Fourteenth Amendment.  Board of Regents v. Roth, 408 U.S. 564, 569 (1972).

12    Because plaintiff cannot amend his complaint to state due process claims under the above

13  standards, plaintiff is not granted leave to include such due process claims in any amended

14  complaint.

15    Verbal Threats

16    Similarly, allegations of harassment, embarrassment, and defamation are not cognizable

17  under section 1983.  Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir.1981),

18  aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d

19  1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not

20  cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner

21  does not have cause of action under § 1983 for being called obscene name by prison employee);

22  Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison

23  officials does not state claim under § 1983).  Allegations of mere threats are also not cognizable.

24  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute

25  constitutional wrong, nor do allegations that naked threat was for purpose of denying access to

26  courts compel contrary result).  Thus, plaintiff's allegations that defendant Chandler made verbal

27  threats fail to state a cognizable civil rights claim.  Plaintiff includes no factual allegations to

28  support a claim for mail tampering or obstruction of justice in connection with plaintiff's claims

1  that defendant Chandler made such verbal threats.  Thus, the court is unable to determine whether

2  plaintiff can amend to state cognizable civil rights claims against defendant Chandler.

3      Retaliation Claim

4      As for plaintiff's retaliation claim against Lt. Osborne, it is unclear whether plaintiff can

5  state a cognizable claim because plaintiff did not allege facts meeting all of the elements of a

6  retaliation claim.  "Prisoners have a First Amendment right to file grievances against prison

7  officials and to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114

8  (9th Cir. 2012) (citation omitted).  To state a viable First Amendment retaliation claim, a prisoner

9  must allege five elements:  "(1) An assertion that a state actor took some adverse action against an

10  inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

11  inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

12  legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

13  Conduct protected by the First Amendment includes communications that are "part of the

14  grievance process."  Brodheim v. Cry, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009).  If plaintiff

15  intends to assert a retaliation claim in his amended complaint, he must specifically identify the

16  protected conduct at issue, name the defendant who took adverse action against him, and plead

17  that the allegedly adverse action[2] was taken "because of" plaintiff's protected conduct.[3]

18      The Ninth Circuit has found that preserving institutional order, discipline and security are

19  legitimate penological goals which, if they provide the motivation for an official act taken, will

20  defeat a claim of retaliation.  Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994); Rizzo v.

21  Dawson, 778 F.2d 527, 532 (9th Cir.1985) ("Challenges to restrictions of first amendment rights

22  must be analyzed in terms of the legitimate policies and goals of the correctional institution in the

---

[2]  For purposes of evaluating a retaliation claim, an adverse action is action that "could chill a person of ordinary firmness from continuing to engage in the protected activity[ ]." Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006).  See also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

[3]  Prisoners have a constitutional right to file prison grievances and pursue civil rights litigation in the courts.  See Rhodes, 408 F.3d at 567.  Prison officials may not retaliate against prisoners for exercising these rights.  Id. at 568; see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997); Bradley v. Hall, 64 F.2d 1276, 1279 (9th Cir. 1995).

1    preservation of internal order and discipline, maintenance of institutional security, and

2    rehabilitation of prisoners.").  The burden is thus on plaintiff to allege and demonstrate that

3    legitimate correctional purposes did not motivate the actions by prison officials about which he

4    complains.  See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("[Plaintiff] must show that

5    there were no legitimate correctional purposes motivating the actions he complains of.").

6         Plaintiff is granted leave to amend to attempt to state a retaliation claim against defendant

7    Lt. Osborne.

8              Potential Eighth Amendment Claim

9         In his third claim, plaintiff alleges that his due process rights were violated by unidentified

10   CSP-SOL staff because the staff knew plaintiff had safety issues at CSP-SOL.  Plaintiff has

11   identified no factual allegations demonstrating a violation of his due process rights in connection

12   with this third claim, and plaintiff fails to adequately identify the nature of the "safety issues" he

13   faced.  This makes it difficult to evaluate plaintiff's claim.  That said, under the Eighth

14   Amendment, prison officials have a duty to protect prisoners.  Farmer v. Brennan, 511 U.S. 825,

15   833 (1994).  To establish a violation of this duty, the prisoner must establish that prison officials

16   were deliberately indifferent to a serious threat to the inmate's safety.  Id. at 834.

17        "'Deliberate indifference' has both subjective and objective components."  Labatad v.

18   Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013).  The prisoner must show that "the

19   official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both

20   be aware of facts from which the inference could be drawn that a substantial risk of serious harm

21   exists, and [the official] must also draw the inference."  Farmer, 511 U.S. at 837.  "Liability may

22   follow only if a prison official 'knows that inmates face a substantial risk of serious harm and

23   disregards that risk by failing to take reasonable measures to abate it.'"  Labatad, 714 F.3d at

24   1160 (quoting Farmer, 511 U.S. at 847).

25        Plaintiff is granted leave to amend to attempt to state an Eighth Amendment claim.

26              Improper Joinder

27        Finally, plaintiff is cautioned that Federal Rule of Civil Procedure 20(a) provides that all

28   persons may be joined in one action as defendants if "any right to relief is asserted against them

1  jointly, severally, or in the alternative with respect to or arising out of the same transaction,

2  occurrence, or series of transactions or occurrences" and "any question of law or fact common to

3  all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  See also George v. Smith, 507

4  F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different

5  suits").  If unrelated claims are improperly joined, the court may dismiss them without prejudice.

6  Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal

7  Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d

8  674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims

9  against those defendants did not arise out of the same transaction or occurrences, as required by

10  Rule 20(a)).

11      Here, it is unclear whether plaintiff's putative retaliation claim against defendant Lt.

12  Osborne is related to plaintiff's third claim against unidentified staff at CSP-SOL.  In his

13  amended complaint, plaintiff should take care only to raise claims arising out of the same incident

14  involving the same individual or individuals.  Unrelated claims must be brought in a separate

15  action.

16  V.  Leave to Amend

17      For all of the above reasons, the court finds the allegations in plaintiff's complaint so

18  vague and conclusory that it is unable to determine whether the current action is frivolous or fails

19  to state a claim for relief.  The court has determined that the complaint does not contain a short

20  and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a

21  flexible pleading policy, a complaint must give fair notice and state the elements of the claim

22  plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

23  Plaintiff must allege with at least some degree of particularity overt acts which defendants

24  engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the

25  requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court, however,

26  grants leave to file an amended complaint.

27      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

28  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

1   West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named

2   defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability

3   under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

4   actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167

5   (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil

6   rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7   Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[4]  See

8   Fed. R. Civ. P. 20(a)(2).

9   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

10  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

11  complaint be complete in itself without reference to any prior pleading.  This requirement exists

12  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

13  v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

14  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

15  omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

16  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

17  and the involvement of each defendant must be sufficiently alleged.

18  In accordance with the above, IT IS HEREBY ORDERED that:

19  1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

20  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

21  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

---

22  [4]  As discussed above, a plaintiff may properly assert multiple claims against a single defendant.
23  Fed. Rule Civ. P. 18.  Also, a plaintiff may join multiple defendants in one action where "any
    right to relief is asserted against them jointly, severally, or in the alternative with respect to or
24  arising out of the same transaction, occurrence, or series of transactions and occurrences" and
    "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P.
25  20(a)(2).  Unrelated claims against different defendants must be pursued in separate lawsuits.  See
26  George, 507 F.3d at 607.  This rule is intended "not only to prevent the sort of morass [a multiple
    claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing
27  fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals
    that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."
28  George, 507 F.3d at 607.

1   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

2   Director of the California Department of Corrections and Rehabilitation filed concurrently

3   herewith.

4         3.  Plaintiff's complaint is dismissed.

5         4.  Within sixty days from the date of this order, plaintiff shall complete the attached

6   Notice of Amendment and submit the following documents to the court:

7           a.  The completed Notice of Amendment; and

8           b.  An original and one copy of the Amended Complaint.

9   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

10  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

11  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

12        Failure to file an amended complaint in accordance with this order may result in the

13  dismissal of this action.

14  Dated:  May 18, 2020

15

16  /dots0710.14n

17

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

11

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TRACY LEE DOTSON,                        No.  2:20-cv-0710 KJN P

12                Plaintiff,

13        v.                                   NOTICE OF AMENDMENT

14    CHANDLER, et al.,

15                Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18    filed_____.

19                   _____          Amended Complaint
      DATED:
20

21                                            _____

22                                            Plaintiff

23

24

25

26

27

28
                                        12