UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY LEE DOTSON,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER CHANDLER, et al.,<br><br>Defendants. | No. 2:20-cv-0710 KJN P<br><br><br>ORDER |

Plaintiff is a former state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances

////

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

The court is unable to evaluate the merits of plaintiff's allegations because he has not yet filed an amended complaint as required by the May 18, 2020 order.[1]  Having considered the remaining factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 15) is denied without prejudice.

Dated:  July 22, 2020

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/dots0710.31

---

[1] On July 13, 2020, plaintiff filed the Notice of Amendment form provided by the court with its May 18, 2020 screening order.  However, plaintiff the form was not accompanied by plaintiff's proposed amended complaint.  On July 2, 2020, plaintiff was granted an additional sixty days in which to file his proposed amended complaint.  Plaintiff is cautioned that failure to timely file his amended complaint will result in a recommendation that this action be dismissed.

2