1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TRACY LEE DOTSON,                          No.  20-cv-0710 JAM KJN P

12                   Plaintiff,

13         v.                                    ORDER

14   CHADLER,

15                   Defendants.

16

17         Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983, and is proceeding in forma pauperis.  This proceeding was referred to this court

19   pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

20         On September 17, 2020, the undersigned recommended that this action be dismissed

21   based on plaintiff's failure to file an amended complaint that complied with the court's May 18,

22   2020 screening order.  On November 12, 2020, plaintiff filed an amended complaint.  Therefore,

23   the findings and recommendations are vacated.  Plaintiff's amended complaint is now before the

24   court.

25   Screening Standards

26         The court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

3          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9    Cir. 1989); Franklin, 745 F.2d at 1227.

10          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

11   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

12   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

13   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

14   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

15   this standard, the court must accept as true the allegations of the complaint in question, Hosp.

16   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

17   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

18   McKeithen, 395 U.S. 411, 421 (1969).

19   Plaintiff's Pleading

20          In claim one, plaintiff alleges he lost 9 months of his custody time because of Officer

21   Chandler, and checked the "disciplinary proceedings" box.  (ECF No. 22 at 3.)  In his second

22   claim, plaintiff alleges "Stop me from going all the way to court access to court [sic]," and

23   marked the disciplinary proceedings and access to the court boxes.  (ECF No. 22 at 4.)  In his

24   third claim, plaintiff alleges he was threatened by Officer Chandler and staff at Solano Prison.

25   (ECF No. 22 at 5.)  As injuries, he again claims he lost 9 months of his time and "lost 9-month

26   disciplinary."  (ECF No. 22 at 3, 4, 5.)  As relief, plaintiff claims he needs his nine months back.

27   ////

28   ////

2

1    Discussion

2           The court finds the allegations in plaintiff's amended complaint so vague and conclusory

3    that it is unable to determine whether the current action is frivolous or fails to state a claim for

4    relief.  The court has determined that the amended complaint does not contain a short and plain

5    statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

6    pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

7    succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

8    allege with at least some degree of particularity overt acts which defendants engaged in that

9    support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

10   R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court, however, grants leave to

11   file a second amended complaint.

12   Putative Claims

13          1.  Plaintiff's reference to disciplinary proceedings and his subsequent loss of nine months

14   are too vague and conclusory for the court to provide any pertinent standards.  However, plaintiff

15   is provided the following standards governing access to the courts claims.

16          Prisoners have a constitutional right of access to the courts.  Lewis v. Casey, 518 U.S.

17   343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by

18   Lewis, 518 U.S. at 354.  The right of access to the courts is limited to non-frivolous direct

19   criminal appeals, habeas corpus proceedings, and § 1983 actions.  See Lewis, 518 U.S. at 353 n.3,

20   354-55.  In order to frame a claim of a denial of the right to access the courts, a prisoner must

21   establish that he has suffered "actual injury," a jurisdictional requirement derived from the

22   standing doctrine.  Lewis, 518 U.S. at 349.  An "actual injury" is "actual prejudice with respect to

23   contemplated or existing litigation, such as the inability to meet a filing deadline or to present a

24   claim."  Lewis, 518 U.S. at 348 (citation and internal quotations omitted); see also Alvarez v.

25   Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous

26   legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (citing

27   Lewis, 518 U.S. at 353 & n.4).  Thus, plaintiff must identify an actual injury to potential court

28   action, not his alleged injury of losing nine months.

                                                      3

2.  Plaintiff was previously advised that verbal threats are not cognizable under section 1983, and the standards governing such allegations are not repeated here.  (ECF No. 7 at 6-7.)

Leave to Amend

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The September 17, 2020 findings and recommendations (ECF No. 19) are vacated

2.  Plaintiff's amended complaint (ECF No. 22) is dismissed; and

3.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original of the second amended complaint;

4

failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  December 11, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/dots0710.14amd

5